United States District Court
Southern District of Texas
**ENTERED**
April 10, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE KBR, INC. SECURITIES LITIGATION | Case No. 4:14-CV-01287<br>Judge Lee H. Rosenthal |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

WHEREAS, as of April 5, 2017, Arkansas Public Employees Retirement System ("APERS") and the IBEW Local No. 58 / SMC NECA Funds ("IBEW Local No. 58") (collectively, "Class Representatives"), on behalf of themselves and all members of the certified Class, and KBR, Inc. ("KBR" or the "Company") and William P. Utt, Susan K. Carter, Dennis S. Baldwin, and Brian K. Ferraioli (collectively, "Defendants") entered into the Stipulation and Agreement of Settlement (the "Stipulation") in the Action;

WHEREAS, on July 8, 2016, the Court certified a class consisting of all persons and entities who purchased or otherwise acquired the publicly traded common stock of KBR during the period from September 11, 2013 through July 30, 2014, inclusive (the "Class Period"), and who were damaged thereby. Excluded from the Class are: Defendants KBR, William P. Utt, Susan K. Carter, Dennis S. Baldwin, and Brian K. Ferraioli; the officers and directors of KBR during the Class Period; members of the Immediate Family of the Individual Defendants and of the excluded officers and directors; any entity in which any Defendant, any excluded officer or director, or any member of their Immediate Family has or had a controlling interest; and the legal

representatives, heirs, agents, affiliates, successors or assigns of any of the foregoing excluded persons or entities, in their capacities as such. For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants, and include any employee benefit plan organized for the benefit of KBR's employees and their beneficiaries;[1]

WHEREAS, the Court has reviewed and considered: (i) the motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (ii) the Stipulation and the exhibits annexed thereto;

WHEREAS, the Parties to the Stipulation have consented to the entry of this Order; and

WHEREAS, all capitalized terms used in this Order that are not otherwise defined herein have the meanings set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2017 that:

1. **Preliminary Approval of the Settlement.** The Court has reviewed the Stipulation and preliminarily finds the Settlement to be fair, reasonable and adequate, subject to further consideration at the Settlement Hearing described below.

2. **Settlement Hearing.** A hearing (the "Settlement Hearing") in accordance with Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2017, at __:____ _.m. for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court; (b) to determine whether the

---

[1] The Court hereby adopts the Class exclusions set forth in the Stipulation at ¶ (1)(e). Also excluded from the Class will be any Person who timely and validly seeks exclusion from the Class in accordance with the provisions of this Order and whose request for exclusion is accepted by the Court.

proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Class of the Released Plaintiffs' Claims, as provided in the Stipulation, should be provided to the Released Defendant Parties; (c) to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court; (d) to consider Class Counsel's application for an award of attorneys' fees and expenses (which may include an application for reimbursement to Class Representatives of their reasonable costs and expenses (including lost wages) directly related to their representations of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and (e) to rule upon any other matters that the Court may deem appropriate.

3. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing or modify any of the dates in this Order without further notice to members of the Class.

4. **Notice.** The Court approves the form, substance, and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

5. The Court approves the retention of Epiq Class Action & Claims Solutions, Inc. as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto as Exhibits 1 and 2, respectively, to be mailed,

by first-class mail, postage prepaid, no later than fifteen (15) business days after entry of this Order ("Notice Date"), to all Class Members who can be identified with reasonable effort, including those who are identified through KBR's transfer records. KBR, to the extent it has not already done so, and no later than five (5) business days following entry of this Order, shall provide, or cause to be provided, to Class Counsel or the Claims Administrator, at no cost to Class Representatives or the Class, the Company's transfer records in electronic searchable form, such as Excel, containing the names and addresses of Persons who purchased or otherwise acquired the publicly traded common stock of KBR during the Class Period.

6. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired the publicly traded common stock of KBR during the Class Period as record owners but not as beneficial owners. These nominees SHALL EITHER: (a) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all beneficial owners for which they purchased or otherwise acquired the publicly traded common stock of KBR during the Class Period and WITHIN SEVEN (7) CALENDAR DAYS of receipt of those Notices from the Claims Administrator forward them to all those beneficial owners; or (b) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all those beneficial owners to the Claims Administrator, and the Claims Administrator shall send the Notice promptly to the identified beneficial owners. Nominees who elect to send the Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full and timely compliance with these directions, the

nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

7.  Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

8.  The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice"), substantially in the form annexed hereto as Exhibit 3, and directs that Class Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and to be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

9.  The form and content of the notice program described in this Order, and the methods provided in this Order of notifying the Class of the certification of the Action as a class action and the proposed Settlement of the Action and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and Due Process; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled to notice.

10. **Proof of Claim.** In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the Stipulation, each claimant must take the following actions and be subject to the following conditions:

(a)     The claimant must submit a properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, to the Claims Administrator, at the address indicated in the Notice, postmarked or received no later than one hundred twenty (120) calendar days after the Notice Date. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid) as long as the Proof of Claim is actually received before the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this Order. Notwithstanding the foregoing, Class Counsel may, at its discretion, accept for processing late Proofs of Claim provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.

(b)     The Proof of Claim submitted by each claimant must satisfy the following conditions, unless otherwise allowed by the Stipulation: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported in it, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or other documentation that is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the Proof of Claim is acting in a

representative capacity, a certification of his or her current authority to act on behalf of the claimant must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained in it and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

11. **Appearance.** Any Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If any Class Member does not enter an appearance, he, she, or it will be represented by Class Counsel.

12. **Exclusion from the Class.** Class Members shall be bound by all orders, determinations, and judgments in this Action, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as provided below. A putative Class Member wishing to request exclusion from the Class must mail the request in written form by first-class mail to the address designated in the Notice for exclusion requests, such that it is received no later than twenty-one (21) calendar days before the Settlement Hearing. The request for exclusion must state the name, address, and telephone number of the Person seeking exclusion and, in the case of entities, the name and address of the appropriate contact person for the entity; must state that the Person requests to be "excluded from the Class in *In re KBR, Inc. Securities Litigation,* Case No. 14-cv-01287-LHR (S.D. Tex.)" and must be signed by the Person seeking exclusion. Persons requesting exclusion must also state the following information requested in the Notice: the number of shares of KBR common stock purchased, acquired, and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase, acquisition, or sale. The request for exclusion shall not be effective unless it provides

the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

13. Putative Class Members whose requests for exclusion from the Class are allowed by the Court shall not be eligible to receive any payment from the Net Settlement Fund.

14. **Objections.** Any Class Member who does not request exclusion from the Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's application for attorneys' fees and expenses. The Court will consider a Class Member's objection only if the Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received no later than twenty-one (21) calendar days before the Settlement Hearing, upon Class Counsel: Louis Gottlieb, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; John Rizio-Hamilton, Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, New York, NY 10020; and Defendants' Counsel: Michael C. Holmes, Vinson & Elkins LLP, 1001 Fannin Street, Suite 2500, Houston, TX 77002, and has filed the objection and supporting papers with the Clerk of the Court, United States District Court for the Southern District of Texas, United States Courthouse, 515 Rusk Street, Houston, Texas 77002 no later than twenty-one (21) calendar days before the Settlement Hearing. Any Class Member who does not make his, her, or its objection in the manner provided for in this Order and in the Notice shall be deemed to have waived the objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Class Members submitting written objections are not required to attend the Settlement Hearing, but any Class Member wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the

application for an award of attorneys' fees and expenses must file a written objection and indicate in the written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

15.  **Stay.** Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, Class Representatives and all Class Members shall not institute, commence, or prosecute any action which asserts Released Plaintiffs' Claims against the Released Defendant Parties.

16.  **Supporting Papers.** All papers in support of the Settlement, Plan of Allocation, and Class Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served no later than thirty-five (35) calendar days before the date set in this Order for the Settlement Hearing. If reply papers are necessary, they must be filed with the Court and served no later than seven (7) calendar days before the Settlement Hearing.

17.  **Settlement Fund.** All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until the funds are disbursed pursuant to the Stipulation and/or further order of the Court.

18.  **Plan of Allocation.** Neither Defendants nor their counsel have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Class

Counsel or Class Representatives, and these matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

19. **Termination.** If the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, then the Stipulation, including any amendment(s) to it, except as expressly provided in the Stipulation, and this Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to December 15, 2016.

20. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: __April 2__, 2017     _____
Honorable Lee H. Rosenthal
UNITED STATES DISTRICT JUDGE