**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| IN RE KBR, INC. SECURITIES LITIGATION | Case No. 4:14-CV-01287<br>Judge Lee H. Rosenthal |

## CLASS REPRESENTATIVES' MOTION FOR APPROVAL OF DISTRIBUTION

**LABATON SUCHAROW LLP**
Louis Gottlieb (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: lgottlieb@labaton.com

**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**
John Rizio-Hamilton (*pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
Email: johnr@blbglaw.com

*Class Counsel for Class Representatives and the Class*

Dated:  November 20, 2017

# **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT ............................. 1

II. BACKGROUND .................................................................................................................. 1

III. CLAIMS ADMINISTRATION ........................................................................................ 2

IV. FEES AND EXPENSES OF CLAIMS ADMINISTRATOR ............................................... 6

V. DISTRIBUTION PLAN OF THE NET SETTLEMENT FUND ........................................ 6

VI. RELEASE OF CLAIMS ................................................................................................... 8

VII. CONCLUSION ................................................................................................................. 9

## I. PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT

Class Representatives Arkansas Public Employees Retirement System ("APERS") and the IBEW Local No. 58 / SMC NECA Funds ("IBEW Local No. 58") (together, "Class Representatives"), by and through their respective undersigned counsel (together, "Class Counsel"), respectfully submit this memorandum in support of their motion for entry of the proposed Order Approving Distribution of Net Settlement Fund (the "Distribution Order") in the above-captioned action (the "Action"). The proposed plan for distribution of the Net Settlement Fund is set forth in the accompanying Declaration of Alexander Villanova in Support of Class Representatives' Motion for Approval of Distribution (the "Villanova Declaration" or "Villanova Decl."),[1] submitted on behalf of the Court-approved Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq").

If entered by the Court, the Distribution Order will, among other things, (i) approve Epiq's administrative recommendations accepting and rejecting Claims submitted herein; (ii) direct the distribution of 100% of the Net Settlement Fund to Class Members whose Claims have been accepted as valid and approved by the Court; and (iii) approve Epiq's fees and expenses in connection with providing notice and administering the Settlement, including conducting the distribution.[2]

## II. BACKGROUND

The Court has approved the Stipulation entered into by Class Representatives, on behalf of themselves and the Class, and Defendants. The Stipulation sets forth the terms of the settlement (the

---

[1] Unless otherwise indicated herein, all terms with initial capitalization shall have the meanings ascribed to them in the Villanova Declaration or in the Stipulation and Agreement of Settlement, dated as of April 5, 2017 (ECF No. 134-2) (the "Stipulation").

[2] Under the terms of the Stipulation, Defendants have no role in or responsibility for the administration of the Settlement Fund or processing of Claims, including determinations as to the validity of Claims or the distribution of the Net Settlement Fund. *See* Stipulation ¶¶ 21-23.

"Settlement"), which represents a complete resolution of this Action. Pursuant to the terms of the Settlement, $10.5 million in cash was deposited in escrow for the benefit of the Class.

In accordance with the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, dated April 10, 2017 (ECF No. 141) ("Preliminary Approval Order"), Epiq has mailed the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and Proof of Claim and Release Form ("Claim Form") (collectively, the "Notice Packet") to potential Class Members and to brokers and other nominees. As set forth in the accompanying Villanova Declaration, Epiq has mailed 60,778 Notice Packets to potential Class Members and nominees. Villanova Decl. ¶ 5. The Notice informed Class Members that if they wished to be eligible to participate in the distribution of the Net Settlement Fund, they were required to submit Proofs of Claim by mail, postmarked no later than August 19, 2017.

The Court approved the proposed Plan of Allocation and granted final approval to the Settlement.[3] The Effective Date of the Settlement has occurred. Accordingly, the Net Settlement Fund may be distributed to Authorized Claimants. Pursuant to the Stipulation, Class Counsel respectfully ask the Court to enter the Distribution Order approving the distribution of the Net Settlement Fund as set forth herein.[4]

### III. CLAIMS ADMINISTRATION

As detailed in the accompanying Villanova Declaration, all Claims received by Epiq through November 10, 2017[5] have been fully processed in accordance with the Stipulation and the Court-

---

[3] Order Approving Plan of Allocation, entered August 25, 2017 (ECF No. 155); Final Order and Judgment, entered August 25, 2017 (ECF No. 156).

[4] *See* Stipulation ¶ 20.

[5] In order to facilitate the efficient distribution of the Net Settlement Fund, there must be a cut-off after which no other Claim Forms will be accepted. Class Counsel, in consultation with Epiq,

approved Plan of Allocation set forth in the Notice, and Epiq has worked with Claimants to help them perfect their Claims. Villanova Decl. ¶¶ 19-27. Many of the Claims initially submitted were deficient or ineligible for one or more reasons, including not being signed, not being properly documented, or being otherwise deficient. *Id.* ¶ 21.

If a paper Claim was determined to be defective or ineligible, a Notice of Deficient Proof of Claim Submission ("Deficiency Notice") was sent to the Claimant describing the defect(s) in his, her or its Claim and what was necessary to cure any "curable" defect(s) in the Claim. *Id.* ¶ 22. The Deficiency Notice advised the Claimant that the submission of the appropriate information and/or documentary evidence to complete the Claim had to be sent within twenty (20) days from the date of the notice or the Claim would be recommended for rejection to the extent the deficiency or condition of ineligibility was not cured. *Id.* An example of such a letter is attached as Exhibit A to the Villanova Declaration.

If an Electronic Claim was determined to be defective or ineligible, Epiq notified the filer of the deficiencies or conditions of ineligibility by emailing a Transaction Report, which listed the specific Claims that were incomplete along with a list of the specific portions of Claims that were incorrect or incomplete so that the conditions could be cured. *Id.* ¶ 24. The email advised the filer that any deficient transactions or Claims that remain uncured will remain rejected, and it informed the filer that it could, on behalf of the Claimant, request the Court to review Epiq's administrative determination if it wished to contest the rejection of any transactions or Claims. *Id.*

Epiq carefully reviewed Claimants' and filers' responses to the deficiency notifications and worked with them to resolve deficiencies where possible. Villanova Decl. ¶¶ 23, 25. Consistent

---

determined a cut-off of November 10, 2017, after which no additional Claims would be processed or considered for inclusion in the Distribution of the Net Settlement Fund. Villanova Decl., ¶ 29. As discussed below, these late Claims could be paid using residual funds.

with the terms of the Stipulation (¶ 26(e)), the Deficiency Notice and emails to Electronic Claim Filers specifically advised the Claimant or filer that he, she, or it had the right, within twenty (20) days after the mailing of the notification, to contest the rejection of the Claim and request Court review of the administrative determination of the Claim. Villanova Decl. ¶¶ 26 and Exhibit A thereto.

Epiq received 6 requests for a review by the Court of its administrative determinations ("Disputed Claim"). Villanova Decl. ¶ 27. Epiq contacted each of the persons requesting Court review and fully explained Epiq's determination of the Claim's status. *Id*. Epiq responded to questions raised by these individuals regarding their Claims and facilitated the submission of missing information or documentation. *Id*. As a result of these efforts, all Claims for which Court review had been requested have either been cured or the request for Court review has been retracted. *Id*.

As set forth in the Villanova Declaration, of the 19,852 Claims received and processed by Epiq through November 10, 2017, Epiq has determined that 13,554 are acceptable in whole or in part, and that 6,298 should be wholly rejected because they are ineligible for payment from the Net Settlement Fund. Villanova Decl. ¶¶ 34-35, Exhibit B. Class Representatives request that the Court approve Epiq's administrative determinations accepting and rejecting Claims as set forth in the Villanova Declaration.

The 19,852 Claims processed by Epiq through November 10, 2017 include 2,170 Claims that were postmarked or received after the Court-approved Claim filing deadline of August 19, 2017, of which 1,085 are, but for the late submission, otherwise eligible. Villanova Decl. ¶ 28. While these 1,085 Claims were late, they were received while the processing of timely Claims was ongoing, and due to the amount of time needed to process the timely Claims received, the processing of these late

Claims did not delay the completion of the claims administration process or the distribution of the Net Settlement Fund. Class Counsel has discretion to accept Claims submitted after the filing deadline.[6] It is respectfully submitted that, when the equities are balanced, it would be unfair to prevent an otherwise eligible Claimant from participating in the Net Settlement Fund solely because a Claim was submitted after the Court-approved Claim filing deadline, when it was submitted while timely Claims were still being processed.

In order to facilitate the efficient distribution of the Net Settlement Fund, however, there must be a final cut-off date for Claims. Accordingly, Class Representatives respectfully request that the Court order that any new Claims and any adjustments to previously filed Claims that would result in an increased Recognized Claim amount that are received after November 10, 2017 be barred[7] subject to the provision of paragraph 39(vi) of the Villanova Declaration. That paragraph provides that, if any Claims are received or modified after November 10, 2017 that would have been eligible for payment or additional payment under the Court-approved Plan of Allocation if they had been timely received, then, at the time that Class Counsel, in consultation with Epiq, determine that a re-distribution is not cost effective, such Claimants, after payment of outstanding fees and expenses and at the discretion of Class Counsel, may be paid their distribution amounts or additional distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks to the extent possible. Villanova Decl. ¶¶ 39(v) – (vi).

---

[6] *See* Preliminary Approval Order at ¶ 10(a) ("…Class Counsel may, at its discretion, accept for processing late Proofs of Claim provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.").

[7] Should an adjustment be received that results in a lower Recognized Claim amount, that adjustment will be made and the Recognized Claim amount will be reduced accordingly prior to a distribution to that Claimant.

5

## IV. FEES AND EXPENSES OF CLAIMS ADMINISTRATOR

In accordance with Epiq's agreement with Class Counsel to act as the Claims Administrator for the Settlement, Epiq was responsible for, among other things, mailing and publishing notice to the Class, creating and maintaining a settlement website and toll-free telephone helpline, processing Claims, communicating with Claimants, and allocating and distributing the Net Settlement Fund to Authorized Claimants. As set forth in the Villanova Declaration, Epiq's fees and expenses for its work performed to date on behalf of the Class in connection with notice and the administration of the Settlement total $240,629.16. Villanova Decl. ¶ 38, Exhibit C. Epiq estimates that it will incur additional fees and expenses totaling $19,350.35 to conduct the Distribution. Villanova Decl., Exhibit D. If the estimate to complete the Distribution is greater than the actual costs, Epiq will refund the difference to the Net Settlement Fund. To date, Epiq has not received any payment of fees and expenses. Accordingly, there is a total amount of $259,979.51 payable to Epiq. Villanova Decl. ¶ 38. Class Representatives respectfully request that the Court approve payment to Epiq in the amount of $259,979.51.

## V. DISTRIBUTION PLAN OF THE NET SETTLEMENT FUND

Epiq recommends the following plan for distribution of the Net Settlement Fund, which is set forth in the Villanova Declaration at ¶ 39 (the "Distribution Plan").

**Distribution of Net Settlement Fund**

Pursuant to the proposed Distribution Plan, Epiq will distribute 100% of the Net Settlement Fund, after deducting all payments approved by the Court, and after deducting payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees (the "Distribution"). In the Distribution, Epiq will determine a Distribution Amount for each Authorized Claimant, which shall be the Authorized Claimant's *pro rata* share of the Net Settlement Fund based on the Claimant's Recognized Claim, as determined by the Plan of Allocation, in comparison to the

total Recognized Claims of all Authorized Claimants.  *See* Villanova Decl. ¶ 39(i).  Pursuant to the Court-approved Plan of Allocation, Epiq will eliminate from the distribution any Authorized Claimant whose *pro rata* share calculates to less than $10.00, and then recalculate the *pro rata* share for Authorized Claimants who are entitled to receive $10.00 or more (the "Distribution Amount").  *Id.*

In order to encourage Authorized Claimants to promptly deposit their payments, Class Representatives propose that the Distribution checks bear the notation, "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED BY [90 DAYS AFTER ISSUE DATE]."  Authorized Claimants who do not negotiate their checks within the time allotted or on the conditions set forth in paragraph 39(ii) footnote 2 of the Villanova Declaration will irrevocably forfeit all recovery from the Settlement, and the funds allocated to all such stale-dated checks will be available to be re-distributed to other Authorized Claimants in any subsequent distribution as described below.  *Id*. ¶ 39(iii).

**Additional Distribution(s) of Net Settlement Fund**

After Epiq has made reasonable and diligent efforts to have Authorized Claimants negotiate their Distribution checks, no earlier than nine (9) months after the Distribution, Epiq will, if Class Counsel in consultation with Epiq determine that it is cost effective to do so, conduct a second distribution of the Net Settlement Fund (the "Second Distribution").  In the Second Distribution, any amounts remaining in the Net Settlement Fund after the Distribution (*e.g.*, the funds for all void stale-dated checks), after deducting Epiq's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of a Second Distribution), and after payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants who cashed their

Distribution check and who are entitled to at least $10.00 from the re-distribution based on their *pro rata* share of the remaining funds. Villanova Decl. ¶ 39(iv). If cost effective, subsequent re-distributions of the funds remaining in the Net Settlement Fund to Authorized Claimants who have cashed their prior checks, after deduction of costs and expenses as described above, will take place in reasonable intervals thereafter until it is no longer economically feasible to do so. *Id.* At such time as Class Counsel, in consultation with Epiq, determine that further re-distribution is not cost effective, if sufficient funds remain to warrant the processing of Claims received after November 10, 2017, such Claims will be processed, and any such Claims that are otherwise valid, as well as any earlier received Claims for which an adjustment was received after November 10, 2017 that result in an increased Recognized Claim amount, may be paid their distribution amounts or additional distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks to the extent possible. *Id.* ¶ 39(v)-(vi). Distributions to this group will continue until all funds are exhausted, or as otherwise ordered by the Court.

## VI. RELEASE OF CLAIMS

In order to allow the full and final distribution of the Net Settlement Fund, Class Counsel respectfully request that the Court find that the administration of the Settlement and determination of the Claims complied with the Court-approved Plan of Allocation and the Stipulation. Class Counsel further request that the Court bar any further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and find that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net

8

Settlement Fund, be released and discharged from any and all claims arising out of such involvement. The Notice notified Claimants that their claims would be so limited.[8]

## VII. CONCLUSION

For the foregoing reasons, Class Counsel respectfully request that the Court approve Class Representatives' Motion for Approval of Distribution and enter the proposed Order Approving Distribution of Net Settlement Fund submitted herewith.

Dated: November 20, 2017                                         Respectfully submitted,

**LABATON SUCHAROW LLP**                        **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

/s/ Louis Gottlieb
Louis Gottlieb (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: lgottlieb@labaton.com

/s/ John Rizio-Hamilton
John Rizio-Hamilton (*pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
Email: johnr@blbglaw.com

*Class Counsel for Class Representatives and the Class*

By: *s/ Thomas R. Ajamie*
Thomas R. Ajamie
(Texas Bar No. 00952400)
**AJAMIE LLP**
Penzoil Place – South Tower

---

[8] "Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Class Representatives, Plaintiffs' Counsel, Class Representatives' damages expert, Defendants, Defendants' Counsel, any of the other Released Plaintiff Parties or Released Defendant Parties, or the Claims Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Class Representatives, Defendants and their respective counsel, and all other Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith." *See* Notice ¶ 78.

711 Louisiana, Suite 2150
Houston, TX 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699
Email: tajamie@ajamie.com

*Liaison Counsel*

## **CERTIFICATE OF SERVICE**

I certify that on this 20th day of November 2017, I caused the foregoing to be electronically filed with Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

By: /s/ Louis Gottlieb